IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLARENCE I. BRYANT, | ) | 8:09CV3167 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

    This matter is before the court on Petitioner's Motion for Appointment of Counsel. (Filing No. 12.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) Thus, there is no need for the appointment of counsel at this time.

    IT IS THEREFORE ORDERED that: Petitioner's Motion for Appointment of Counsel (filing no. 12) is denied.

November 13, 2009.         BY THE COURT:

                                              s/ Joseph F. Bataillon
                                              Chief United States District Judge