IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLARENCE I. BRYANT, | ) | 4:09CV3167 |
| Petitioner, | ) | |
| V. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, Warden of The Tecumseh State Correctional Institution, and JON BRUNING, the Attorney General of the State of Nebraska, | ) ) ) ) ) ) | |
| Respondents. | ) | |

This matter is before the court on Respondents' Motion for Summary Judgment. (Filing No. 9.) In support of their Motion, Respondents filed a Brief, Reply Brief, and relevant State Court Records. (Filing Nos. 10, 11, and 16.) Also pending is Petitioner Clarence Bryant's ("Bryant") Motion to Deny Summary Judgment (filing no. 13) and Brief in support of Motion (filing no. 14).

Liberally construing the allegations of Bryant's Petition for Writ of Habeas Corpus ("Petition") (filing no. 1), he argues that the Petition should be granted because:

    Claim One:    Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's trial counsel did not request independent forensic testing of the evidence.

    Claim Two:    Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's appellate counsel did not properly advocate the

> need to have forensic testing done of the evidence while it was in the possession of the state.

(Filing No. 7 at CM/ECF pp. 1-2.)

## I. BACKGROUND

On April 12, 1995, a jury convicted Bryant of first degree forcible sexual assault and robbery. (Filing No. 10-5, Attach. 4, at CM/ECF pp. 5-6.) Bryant was thereafter sentenced to serve a prison term of 20 to 30 years for the sexual assault and two to five years for the robbery. (*Id.* at CM/ECF pp. 8-9.) On May 7, 1996, the Nebraska Court of Appeals affirmed Bryant's conviction and sentence. (Filing No. 10-2, Attach. 1, at CM/ECF p. 2.) Bryant did not petition the Nebraska Supreme Court for further review. The Nebraska Supreme Court issued the mandate on June 12, 1996. (*Id.*)

Bryant filed a motion for post conviction relief ("post conviction motion") in the District Court of Douglas County, Nebraska on November 26, 1997. (Filing No. 10-6, Attach. 5, at CM/ECF pp. 1-12.) The Douglas County, Nebraska District Court denied the post conviction motion, and the Nebraska Court of Appeals affirmed the denial on October 30, 2001. (Filing No. 10-3, Attach. 2, at CM/ECF p. 2.) Bryant did not petition the Nebraska Supreme Court for further review. The Nebraska Supreme Court issued the mandate on December 4, 2001. (*Id.*)

Bryant filed a motion for DNA testing in the District Court of Douglas County, Nebraska pursuant to Nebraska's DNA Testing Act on August 15, 2002. (Filing No. 10-7, Attach. 6, at CM/ECF pp. 1-4.) The Douglas County, Nebraska District Court denied the motion for DNA testing, and the Nebraska Court of Appeals affirmed the denial on September 18, 2007. (Filing No. 10-4, Attach. 3, at CM/ECF p. 2.) The Nebraska Supreme Court denied Bryant's petition for further review on November

15, 2007. (*Id.*)  The Nebraska Supreme Court issued the mandate on November 27, 2007. (*Id.*)

Bryant filed his Petition in this court on August 3, 2009. (Filing No. 1.) Respondents thereafter filed their Motion for Summary Judgment, arguing that Bryant's Petition is barred by the relevant statute of limitations. (Filing No. 9.)

## II.   ANALYSIS

### A.   Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also* Riddle v. Kemna, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues). Here, there is no indication that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, therefore, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the limitations period began to run on June 12, 1996, the date that Bryant's direct criminal appeal became final. Thus, Bryant had one year, or until June 12, 1997, to file a petition in this court. Alternatively, if Bryant had filed a state post conviction motion prior to June 12, 1997, the limitations period would be tolled. However, Bryant did not file his post conviction motion until November 26, 1997 (filing no. 10-6, attach. 5, at CM/ECF pp. 1-12), and he did not file his Petition in this court until August 3, 2009 (filing no. 1). Thus, even though the time during the pendency of the post conviction motion does not count, that motion was filed after the statute of limitations *had already expired* and therefore does not toll the statute of limitations. In light of this, the court finds that Bryant's Petition was not timely filed.

### B. Equitable Tolling

The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, *Riddle,* 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th Cir. 2001)).

Bryant has not alleged that he has been pursuing his rights diligently and that some extraordinary circumstance beyond his control made it impossible for him to file his Petition on time. *See Walker v. Norris*, 436 F.3d at 1032; *see also Kruetzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.). Rather, Bryant's Brief sets forth the reasons the court should excuse the procedural default of his habeas claims, namely, because his appellate counsel did not advise him of the habeas exhaustion requirements, and also because his appellate counsel failed to file a petition for further review after the Nebraska Court of Appeals affirmed Bryant's conviction and sentence on direct appeal.[1] (Filing No. 14 at CM/ECF pp. 2-4). As Respondents point out, the issue before the court is whether Bryant has established that equitable tolling is warranted in this case, not whether Bryant has procedurally defaulted his habeas claims. (Filing No. 16 at CM/ECF pp. 1-2.) Thus, the court has conducted an independent review of the record in order to determine whether equitable tolling is warranted and finds that Bryant has not pursued his rights diligently and no

---

[1]To the extent Bryant has argued that the alleged shortcomings by his appellate counsel constitute extraordinary circumstances, his argument is without merit, as Bryant has set forth no facts to suggest that any act by counsel made it impossible for him to file his Petition on time. Further, the ineffective assistance of counsel generally does not warrant equitable tolling. *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002).

extraordinary circumstance stood in his way of timely filing his Petition. Accordingly, the court finds that equitable tolling does not apply and Bryant's Petition is barred by AEDPA's statute of limitations.

IT IS THEREFORE ORDERED that:

1. Respondents' Motion for Summary Judgment (filing no. 9) is granted and Bryant's Motion to Deny Summary Judgment (filing no. 13) is denied.

2. Petitioner Clarence Bryant's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

January 29, 2010.    BY THE COURT:

S/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.